1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 06cr1035-BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CORRECTED PRELIMINARY ORDER |
| | ) | OF CRIMINAL FORFEITURE |
| LUISA GONZALEZ-PIZARRO (2), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture, pursuant to Title 18, United States Code, Section 982(a), of all right, title and interest in any and all property, real or personal, of the above-named Defendant that constitutes, or was derived from, or is traceable to violations of Title 8, United States Code, Section 1324(a)(1)(A) (conspiracy to transport and move illegal aliens) and/or all property involved in or property traceable to property involved in violations of Title 18, United States Code, Section 1957 and Section 2, (specified unlawful activity), forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), and

WHEREAS, on or about September 10, 2007, the above-named Defendant, LUISA GONZALEZ-PIZARRO (2), plead guilty to Count 2, a violation of Title 18, United States Code, Section 1957 and Section 2 (engaging in monetary transactions in property derived from Specified Unlawful Activities) , and Count 3.

//

//

//

1    As a result of her commission of the felony offense alleged in Count 2, said violation being

2    punishable by imprisonment for more than one year, Defendant agreed to forfeit to the United

3    States any and all  right, title, and interest she possesses in the real property ("Forfeitable Real

4    Property") listed below which Forfeitable Real Property the Defendant agreed, is property

5    involved in or property traceable to property involved in the Count 2 violation and forfeitable

6    pursuant to Title 18, United States Code, Section 982(a)(1):

7        a.    All that lot of parcel of land, together with its buildings, appurtenances,

8              improvements, fixtures, attachments, and easements, located at xxxx Conquistador,

9              Oceanside, California, more particularly described as:

10                 Lot 117 of Rancho Del Oro Village III, Tract 3.1 in the City of Oceanside,
                   County of San Diego, State of California, according to map thereof no.
11                 12293, filed in the Office of the County Recorder of San Diego County,
                   January 12, 1989.  A.P.N. 161-651-53-00.
12

13   Additionally, the Defendant agreed that the following assets (collectively "Forfeitable

     Assets")constitute or were derived from, or are traceable to a conspiracy to transport and move
14
     illegal aliens which her spouse, Ricardo Robert Gonzalez-Camacena, agreed to forfeit as part of
15
     his guilty plea on or near August 30, 2007 and which Forfeitable Assets are named as forfeitable
16
     in a Preliminary Order of Forfeiture entered in this Case No. 06CR1035-BTM on August 30, 2007
17
     and, additionally, as forfeitable in Civil case No. 05CV0680-JM:
18
         b.    Approximately $193,739.00 in United States currency that was seized on or about
19             October 28, 2004 from the residence at xxxx Conquistador, Oceanside, California.
20
         c.    Approximately $121,300.00 in United States currency that was seized on or about
21             October 28, 2004 from the residence at xxxx Jefferson Street, Carlsbad, California.

22       d.    Approximately $19,714.49in United States currency that was seized on or about
               December 17, 2004 from account number xxxxxxx772 held in the name of Luisa
23             E. Pizarro at Wells Fargo Bank.

24       e.    Approximately $8,2788.78 in United States currency that was seized on or about
               December 17, 2004 from account number xxxxxxx904 held in the name of Luisa
25             E. Pizarro at Wells Fargo Bank.

26   The Defendant agreed to the criminal and/or civil forfeiture of these Forfeitable Assets and

27   relinquished all right, title and interest she may have in them.

28

                                                    2

1   WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has

2   established the requisite nexus between the forfeited property and the offenses to which the

3   Defendant has pled guilty.

4   WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession

5   of said properties, pursuant to 18 U.S.C. § 982(a)(1) as property involved in or property traceable

6   to property involved in the Count 2 violation and /or are property involved in or property traceable

7   to property involved in Defendant's Count Two violation, and forfeitable pursuant to 18 U.S.C.

8   § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

9   WHEREAS, pursuant to Rule 32.2(b), the United States requests the authority to take

10  custody of the forfeitable assets listed in paragraphs a through e above, which were found

11  forfeitable by the Court; and

12  WHEREAS, the United States, having submitted the Order herein to the Defendant through

13  his attorney of record, to review, and no objections having been received;

14  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

15  1.   Based upon the guilty plea of the Defendant, the United States is hereby authorized

16  to take custody and control of the following assets, and all right, title and interest of Defendant

17  LUISA GONZALEZ-PIZARRO in the following property is hereby forfeited to the United States

18  for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

19  a.   All that lot of parcel of land, together with its buildings, appurtenances,
20       improvements, fixtures, attachments, and easements, located at xxxx Conquistador,
         Oceanside, California, more particularly described as:

21       Lot 117 of Rancho Del Oro Village III, Tract 3.1 in the City of Oceanside,
22       County of San Diego, State of California, according to map thereof no.
         12293, filed in the Office of the County Recorder of San Diego County,
23       January 12, 1989.  A.P.N. 161-651-53-00.

24  b.   Approximately $193,739.00 in United States currency that was seized on or about
         October 28, 2004 from the residence at xxxx Conquistador, Oceanside, California.

25  c.   Approximately $121,300.00 in United States currency that was seized on or about
26       October 28, 2004 from the residence at xxxx Jefferson Street, Carlsbad, California.

27  d.   Approximately $8,278.78 in United States currency that was seized on or about
         December 17, 2004 from account number xxxxxxx772 held in the name of Luisa
         E. Pizarro at Wells Fargo Bank.

28

e.  Approximately $19,714.49 in United States currency that was seized on or about December 17, 2004 from account number xxxxxxx772 held in the name of Luisa E. Pizarro at Wells Fargo Bank.

2.  The aforementioned forfeited asset are to be held by the United States Customs and Border Protection ("CBP") in its secure custody and control.

3.  Pursuant to Rule 32.2(b)and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4.  Pursuant to 21 U.S.C. § 853(n), the United States forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the CBP's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.  Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

SO ORDERED.

DATED:  September 20, 2007

_Barry Ted Moskowitz_

Honorable Barry Ted Moskowitz
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

06cr1035